**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Barnes; Trisha Barnes, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a political subdivision of the State of Arizona, et al.,<br><br>    Defendant. | No. CV 09-1767-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Defendants City of Phoenix, City of Phoenix Police Department, Jack Harris, Frank Fairbanks, and Joe Knott's Motion to Dismiss (Doc. # 2).[1] For the reasons that follow, the Court will grant in part and deny in part Defendants' motion.

**BACKGROUND**

Plaintiffs allege that they sustained injuries and damages as a result of intentional retaliation on the part of Defendants. In August 2008, Plaintiff David Barnes, an officer with the City of Phoenix Police Department, was demoted from a homicide unit to a patrol unit. Plaintiffs allege that this demotion was the direct result of Plaintiff David Barnes' disclosure

---

[1] Although the motion to dismiss was originally filed only by Defendant City of Phoenix, Defendants City of Phoenix Police Department, Jack Harris, Frank Fairbanks, and Joe Knott join in the motion to dismiss. See Doc. # 8. Hence, the Court will address the motion to dismiss as if filed by all named Defendants.

of mis-management and abuse of authority within the Phoenix crime lab. Specifically, Plaintiffs allege five causes of action: 1) violation of A.R.S. § 38-352 and common law whistle blower and retaliation; 2) violation of Plaintiffs' due process rights; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; and 5) loss of consortium.

## ANALYSIS

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In their motion to dismiss, Defendants argue that: 1) Plaintiffs' notice of claim under A.R.S. § 12-821.01 fails as a matter of law; 2) Phoenix Police Department is a non-jural entity incapable of being sued; 3) Plaintiffs have failed to comply with the requirements propounded in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); 4) Plaintiffs fail to properly allege a liberty or property interest secured by the Fourteenth Amendment; and 5) Plaintiffs cannot recover punitive damages. In response, Plaintiffs argue only that they properly adhered to the notice of claim requirements. In addition, Plaintiffs agree to dismiss all claims against the City of Phoenix Police Department, as well as Count II–violation of Plaintiffs' due process rights–against the City of Phoenix. In their reply in support of their motion to dismiss, Defendants withdraw their argument that Plaintiffs failed to comply with the notice of claim requirements. Accordingly, all that is properly before the Court based upon Defendants' motion to dismiss is whether Plaintiffs may recover punitive damages, and whether Plaintiffs claim in Count II is viable against Defendants Jack Harris, Frank Fairbanks, and Joe Knott.

*Punitive Damages*

Plaintiffs do not respond to Defendants argument that Plaintiffs are precluded from recovering punitive damages in this case. Such a failure is grounds alone for granting

Defendants' motion with respect to punitive damages. *See* LRCiv. 7.2(i). Nevertheless, even in reaching the merits of Defendants' contention, the Court agrees that Plaintiffs are precluded from recovering punitive damages in this case.

Plaintiffs' are precluded from recovering punitive damages under Count II, as municipalities and their agents are immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiffs are precluded from recovering punitive damages on their state law claims under Counts I, III, IV, and V by A.R.S. § 12-820.04, which mandates that "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Because punitive damages are expressly precluded on all of Plaintiffs' claims, the Court grants Defendants' motion to dismiss with respect to punitive damages.

*Count II*

In their response to Defendants motion to dismiss, Plaintiffs state that "Plaintiffs further agree that their claim for violation of Civil Rights-Due Process rights against the City of Phoenix may be dismissed pursuant to Rule 41(a) Fed.R.Civ.P. Plaintiffs are dismissing only this claim against the City of Phoenix. This agreement to dismiss should not be interpreted to dismiss any of Plaintiffs' other claims against the City of Phoenix or any other defendant." (Doc. # 14 at p. 4.) It is not clear from this statement whether Plaintiffs intend to dismiss Count II against all defendants, but no other claims against the City of Phoenix or any other Defendant; or, whether Plaintiffs intended to pursue Count II against Defendants Jack Harris, Frank Fairbanks, and Joe Knott but not Defendant City of Phoenix. As such, the Court will address Defendants' argument as though Plaintiffs intend to pursue their claims under Count II against Defendants Jack Harris, Frank Fairbanks, and Joe Knott but not Defendant City of Phoenix.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Accordingly, a person must be deprived of an interest secured by the Fourteenth Amendment before due process concerns

arise. Plaintiffs' allegations do not give rise to a deprivation of property or liberty interests such that the Fourteenth Amendment is implicated.

Although demoted from a detective unit to a patrol unit, Plaintiff David Barnes was nevertheless still employed by the City of Phoenix Police Department. Hence, Plaintiffs' due process claims are not for continued employment by a governmental employer, but what amounts to a loss of overtime and use of a city vehicle. State law defines what property interests are subject to the due process protections of the Fourteenth Amendment. *Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th Cir. 1988). Plaintiffs do not allege that Arizona law created a property interest in overtime pay and the use of a city vehicle for Plaintiff David Barnes. Such losses do not amount to a deprivation of one's property interest under the Fourteenth Amendment.

Moreover, Plaintiffs' main allegations with respect to Count II involve assertions that Defendants failed to conduct a proper investigation as required by Phoenix Police Department internal policy and procedure manuals, or otherwise adhere to such policies and procedures while conducting the investigation that led to Plaintiff David Barnes' demotion. Even assuming Defendants did not follow their own internal policies and procedures, such violations amount only to violations of an *internal* process, and not the type of due process protected under the Fourteenth Amendment. *See Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 441 (9th Cir. 2008) ("Plaintiffs provide no authority for their suggestion that a federal due process claim lies whenever a *local* entity deviates from its *own* procedures in enacting a *local* regulation.").

Regardless, even if the Court assumed that Plaintiffs' due process rights were violated, Plaintiffs' due process claims are effectively barred. Plaintiffs due process claims against Defendants Jack Harris, Frank Fairbanks, and Joe Knott are precluded by the doctrine of qualified immunity. "Government officials are given qualified immunity from civil liability under § 1983 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir. 1998) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800,

818 (1982)). Plaintiffs allege that Defendants violated the Due Process Clause by not adhering to policies and procedures contained in the City of Phoenix Police Department's internal manual. To require a police department to strictly adhere to its internal policies in conducting an investigation or face claims under Section 1983 for Due Process Clause violations would amount to an additional due process requirement above and beyond the requirements contained in Fourteenth Amendment jurisprudence. Therefore, Defendants Jack Harris, Frank Fairbanks, and Joe Knott would be entitled to qualified immunity, as such a requirement was not "clearly established" at the time of the events in question. *Jensen*, 145 F.3d at 1085.

Accordingly,

**IT IS ORDERED** that Defendants City of Phoenix, City of Phoenix Police Department, Jack Harris, Frank Fairbanks, and Joe Knott's Motion to Dismiss (Doc. # 2) is granted in part and denied in part as follows: Defendant City of Phoenix Police Department is dismissed without prejudice as a party to this case; Plaintiffs' claims under Count II of the complaint is dismissed; Plaintiffs are precluded from recovering punitive damages in this case.

**IT IS FURTHER ORDERED** dismissing all fictitious Defendants because the Federal Rules of Civil Procedure do not permit the use of fictitious defendants.

DATED this 21st day of October, 2009.

James A. Teilborg
United States District Judge