**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Barnes; Trisha Barnes, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a political subdivision of the State of Arizona, et al.,<br><br>    Defendant. | No. CV 09-1767-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Plaintiffs David H. Barnes and Trisha Barnes' Motion to Remand (Doc. # 23). For the reasons that follow, the Court grants Plaintiffs' motion.

    In August 2009, Plaintiffs filed this action in the Maricopa County Superior Court. Shortly thereafter, Defendants removed Plaintiffs' action to this Court on the basis that certain of Plaintiffs' claims involved alleged violations of federal law. In an October 22, 2009 Order, the Court dismissed all of Plaintiffs' federal law claims. Hence, all that remain are Plaintiffs' state law claims. Plaintiffs now seek to have this action remanded to state court.

    In the Ninth Circuit, "if a claim 'arising under' federal law existed at the time of removal, the federal court has discretion to retain jurisdiction to adjudicate pendent state claims even if at some point the federal claim has been dropped." *Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110, 1116 (N.D. Cal. 2002) (citing *Carnegie-Mellon Univ. v.*

*Cohill*, 484 U.S. 343, 350 (1988)). In deciding whether to exercise discretion to retain jurisdiction over the pendent state law claims, the factors the Court should consider include judicial economy, convenience, fairness, and comity. *Millar*, 236 F.Supp.2d at 1119 (citing *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997)). The Court also "may consider whether plaintiff has engaged in 'manipulative tactics' - i.e., is dismissing federal claims in an exercise in unprincipled forum shopping." *Id*. (citing *Carnegie-Mellon Univ.*, 484 U.S. at 357).

Considering the above factors, the Court declines to exercise its discretion to retain jurisdiction over the pendent state law claims. First, issues of judicial economy weigh in favor of remand. The Court's involvement in this case has been limited to a single motion to dismiss–which addressed only certain of Plaintiffs' claims–a Rule 16 scheduling conference and, relatedly, the issuance of a pre-trial order. Further, the Court has not performed any substantive legal analysis that will need to be repeated by the state court and a trial is not imminent. Second, issues of comity also weigh in favor of remand. While the state law claims are based on intentional infliction of emotional distress, whistle blowing under A.R.S. § 38-352, and loss of consortium, which claims do not appear to present novel issues of state law, the Court finds that it is preferable for a state court to apply state law to Plaintiffs' state law claims. Third, issues of convenience and fairness do not favor either retention of the case or remand. Both the federal and state forums are convenient in that both are located in Phoenix and Defendants have not provided any evidence to show that litigating in state court, as opposed to federal court, would otherwise be unfair. Finally, the Court finds that Plaintiffs have not engaged in improper forum shopping, as is evidenced by the fact that Plaintiffs' opposed Defendants' motion to dismiss their federal causes of action. Although Defendants complain of Plaintiffs' decision to file their motion to remand until after the Rule 16 scheduling conference, the Court does not find any bad faith or dilatory motives on the part of Plaintiffs.

Based on a consideration of the foregoing factors, the Court declines to exercise its discretion to retain jurisdiction over the pendent state law claims and will remand this case

to the Maricopa County Superior Court. Defendants request for attorneys' fees and costs is denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs David H. Barnes and Trisha Barnes' Motion to Remand (Doc. # 23) is granted.

**IT IS FURTHER ORDERED** that this action is remanded to the Maricopa County Superior Court for the State of Arizona.

DATED this 5th day of April, 2010.

James A. Teilborg
United States District Judge